# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**DOUGLAS R. LONG**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana



FILED
Aug 26 2014, 9:45 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANN WITHERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1403-CR-130 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause Nos. 48C04-1207-FB-1287 and 48C04-1208-FD-1440

**August 26, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Ann Withers appeals the termination of her placement in the Madison County Drug Court program and reinstatement of her sentences in causes 48C04-1207-FB-1287 ("Cause 1287") and 48C04-1208-FD-1440 ("Cause 1440"). She argues that the trial court committed fundamental error in taking judicial notice of attendance reports in her Drug Court file and abused its discretion in terminating her placement and reinstating her sentences. We conclude that the trial court was authorized to take judicial notice of the attendance reports pursuant to Indiana Evidence Rule 201(b)(5) and did not abuse its discretion in terminating her placement and reinstating her sentences. Therefore, we affirm.

**Facts and Procedural History**

In Cause 1287, the State charged Withers with Count I, class B felony dealing in methamphetamines; Count II, class D felony possession of methamphetamine: Count III, class D felony possession of two or more chemical reagents/precursors with intent to manufacture controlled substance; and Count IV, class D felony maintaining a common nuisance. In Cause 1440, the State charged Withers with Count I, class D felony neglect of a dependent; Count II, class A misdemeanor battery; and Count III, class B misdemeanor false informing. Withers and the State entered a plea agreement in which Withers pled guilty in Cause 1287 to Counts I and III and in Cause 1440 to Count I. The State dismissed the remaining counts. The trial court sentenced Withers to an aggregate term of eight years in Cause 1287, with four years executed and four suspended, and to eighteen months executed in Cause 1440 to be served consecutive to the sentence in Cause 1287.

Pursuant to the plea agreement, the trial court stayed execution of Withers's sentences on the condition that she participate in and successfully complete the Madison County Problem Solving Courts program.[1] The sentencing order further provided that upon Withers's completion of the program, her judgment would be vacated and the causes dismissed and that her failure to complete the program would result in the stay being lifted and the sentences executed.

In April 2013, Withers entered the Drug Court program,[2] one of Madison County's Problem Solving Courts. Melissa Reyes served as Withers's case manager. Among other things, Withers was required to attend drug counseling and mental health therapy and undergo regular drug screens. In February 2014, Reyes filed a notice requesting Withers's termination from the Drug Court program, to which she attached several reports. One was a "Problem Solving Courts Violation/Infraction Sheet" for Withers, indicating that she failed to attend mental health therapy on December 10, 2013, December 12, 2013, and January 9, 2014. Appellant's App. at 149. Reyes also attached individual reports ("the Attendance Reports") from three different licensed clinical social workers reporting Withers's absence from mental health therapy on the aforementioned dates. *Id.* at 150, 151, 154. Below the

---

[1] "'[P]roblem solving court' means a court providing a process for immediate and highly structured judicial intervention for eligible individuals." Ind. Code § 33-23-16-8.

[2] "'[D]rug court' means a problem solving court focused on addressing the substance abuse issues of defendants or juveniles in the criminal justice system." Ind. Code § 33-23-16-5.

signature line on each report was a typed statement that the report was electronically signed by the social worker issuing the report.[3]

The trial court held a hearing on the termination request. The trial court took judicial notice of its file, including the notice of termination request and the attachments thereto. Tr. at 12. Reyes testified that Withers "had several missed treatments, no calls/no shows." *Id*. at 6, 9. Reyes also testified that she had attached all the documents in her file for Withers that she had received from the health care organization providing Withers's counseling and treatment. *Id*. at 7. Reyes testified that sometimes she would permit Withers to miss treatment for work, but at some point she told Withers that she could not miss any more therapy sessions for work. *Id*. at 12-13. Reyes further testified that Withers had not failed any drug screens but that Withers's problem with her Drug Court program had more to do with her attitude. Withers admitted in her testimony that she had "attendance issues" with her therapy. *Id*. at 24.

The trial court found that Withers had committed four violations of her treatment plan: she failed to attend therapy on December 10, 2013, December 12, 2013, December 13, 2013,

---

[3] The State asserts that the Attendance Records were electronically signed. Withers contends that there is nothing resembling a signature on the documents to authenticate them. We observe that "electronic signature" is defined numerous times in the Indiana Code depending upon the context in which the electronic signature is to be used. *See* Ind. Code §§ 5-24-2-2 (State and Local Administration), 16-18-2-106.3 (Health), 25-26-13-2 (Professions and Occupations), 26-2-8-102(10) (Commercial Law); 35-33-5-8 (Criminal Law and Procedure). Thus, there is not a single definition, and it is unclear which definition, if any, would be applicable to the social workers providing care to Withers as part of the Drug Court program. Here, the record is silent as to the methodology or process used by the social workers to implement the use of electronic signatures. Given the growth of Problem Solving Courts in the State, this is a topic that is ripe for the legislature's consideration.

and January 9, 2014.[4] The trial court opined that Withers did not seem to have the insight to understand what she had done wrong, and therefore it did not believe that she would be successful in the Drug Court program. The trial court terminated Withers from the Drug Court program, lifted the stay, and reinstated her sentences.

## Discussion and Decision

### Section 1. Judicial Notice

Withers appeals the termination of her placement in the Drug Court program. The Drug Court program is a forensic diversion program akin to community corrections, and we will review the termination of placement in a Drug Court program as we do a revocation of placement in community corrections.

> For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. The similarities between the two dictate this approach. Both probation and community corrections programs serve as alternatives to commitment to the [Department of Correction] and both are made at the sole discretion of the trial court. A defendant is not entitled to serve a sentence in either probation or a community corrections program. Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right.

> While a community corrections placement revocation hearing has certain due process requirements, it is not to be equated with an adversarial criminal proceeding. Rather, it is a narrow inquiry, and its procedures are to be more flexible. This is necessary to permit the court to exercise its inherent

---

[4] The trial court appears to have relied on the Madison County Problem Solving Courts Violation/Infraction Sheet. The violation/infraction sheet references missed treatments for "Dec13," which the trial court may have misread as December 13, 2013. Appellant's App. at 149. The other missed dates are set forth as "10Dec13," "12Dec13," and "9Jan14." *Id.* In addition, the document to which the violation/infraction sheet refers to for the "Dec13" entry is a monthly report for December 2013, and it does not show a failure to appear for December 13, 2013, but rather contains a comment section stating generally that Withers has attendance problems. *Id*. at 152. Therefore, it appears that "Dec13" refers to attendance issues during December 2013.

5

power to enforce obedience to its lawful orders. Accordingly, the Indiana Rules of Evidence in general and the rules against hearsay in particular do not apply in community corrections placement revocation hearings. *See* … Ind. Evidence Rule 101(c) (providing that the rules do not apply in proceedings relating to sentencing, probation, or parole). In probation and community corrections placement revocation hearings, therefore, judges may consider any relevant evidence bearing some substantial indicia of reliability. This includes reliable hearsay. The absence of strict evidentiary rules places particular importance on the fact-finding role of judges in assessing the weight, sufficiency and reliability of proffered evidence. This assessment, then, carries with it a special level of judicial responsibility and is subject to appellate review. Nevertheless, it is not subject to the Rules of Evidence nor to the common law rules of evidence in effect prior to the Rules of Evidence.

*Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009) (citations and quotation marks omitted).

Withers argues that the trial court erred in taking judicial notice of the Attendance Reports that indicated that she did not attend mental health therapy on December 10, 2013, December 12, 2013, and January 9, 2014, and were purportedly electronically signed by the social workers. Withers acknowledges that she did not object at the hearing and contends that the error is fundamental. *See Absher v. State*, 866 N.E.2d 350, 355 (Ind. Ct. App. 2007) ("[F]ailure to object at trial constitutes waiver of review unless an error is so fundamental that it denied the accused a fair trial."). We conclude that no error occurred in taking judicial notice of the Attendance Reports, let alone fundamental error.

Withers's argument that judicial notice of the Attendance Reports was improper ignores Indiana Evidence Rule 201(b)(5), which provides in relevant part that a court may judicially notice a law, including "records of a court of this state." The Attendance Records were records of the Drug Court, prepared under its supervision and as part of its treatment

6

program for Withers. Thus, the trial court was authorized to take judicial notice of them pursuant to Evidence Rule 201(b)(5). *See In re D.K.*, 968 N.E.2d 792, 796 (Ind. Ct. App. 2012) (in parental rights termination proceeding, trial court did not err in taking judicial notice of court records in CHINS proceeding); *In re Paternity of P.R.*, 940 N.E.2d 346, 350 (Ind. Ct. App. 2010) (in modification of custody proceeding, trial court did not err in taking judicial notice of court records in protective order proceeding filed by mother against former boyfriend). We observe that the judicial notice of the Attendance Records does not mean that the facts within them were conclusive; the parties were free to contest the facts. *See Twin Lakes Reg'l Sewer Dist. v. Teumer*, 992 N.E.2d 744, 748 (Ind. Ct. App. 2013) ("[W]hile a party's pleading may be judicially noticed, the facts in those pleadings are not necessarily subject to judicial notice."). Judicial notice of facts is governed by Evidence Rule 201(a).

Although Withers ignored Evidence Rule 201(b)(5), we briefly address her argument that judicial notice of the Attendance Records was improper because it violated her due process rights. We note that "the due process right applicable in probation revocation hearings allows for procedures that are more flexible than in a criminal prosecution." *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). As in probation and community corrections revocation proceedings, in a termination of participation in Drug Court proceeding, the rules against hearsay do not apply, and the trial court may consider hearsay evidence bearing some substantial indicia of reliability. *See Monroe*, 899 N.E.2d at 691. Although the parties dispute whether the Attendance Records were actually electronically signed by the social workers, we observe that these records were submitted to Withers's case manager in the Drug

7

Court program as part of the regularly conducted activity of the program. *See* Tr. at 7 (Reyes testimony that she attached all the documents in her file for Withers that she received from the health care organization providing Withers's counseling and treatment). Thus, the Attendance Records constitute reliable hearsay evidence for purposes of a hearing on the termination of participation in a Drug Court program. *See Williams v. State*, 937 N.E.2d 930, 934-35 (Ind. Ct. App. 2010) (concluding that report documenting defendant's compliance with electronic monitoring was substantially trustworthy); Ind. Evidence Rule 803(6) (providing that records of a regularly conducted activity are not excluded by the rule against hearsay). Further, although "the trial court did not make an explicit determination of substantial trustworthiness on the record, we observe that the failure to do so is not fatal where the record supports such a determination." *Id*. at 935.

Finally, even if the trial court had erred in judicially noticing the Attendance Reports, any error was harmless. Reyes testified that Withers missed several therapy sessions, and Withers testified that she had attendance issues. Thus, there was independent evidence of Withers's violations of the Drug Court program.

Given our conclusion that the trial court did not err in taking judicial notice of the Attendance Records, we need not address Withers's assertion that her counsel provided ineffective assistance in failing to object thereto. *See Overstreet v. State*, 877 N.E.2d 144, 155 (Ind. 2007) ("[T]o prevail on a claim of ineffective assistance due to the failure to object, the defendant must show an objection would have been sustained if made."). In addition, we

need not address her argument that without the Attendance Records the evidence was insufficient to support her violations.

## Section 2. Sentencing

Withers also challenges the trial court's decision to terminate her participation in the Drug Court program and reinstate her sentences. As we have noted, Drug Court is a forensic diversion program akin to community corrections and probation. We will review a trial court's sentencing decisions for Drug Court violations for an abuse of discretion. *See Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (probation case). "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances." *Id.*

Indiana Code Section 33-23-16-14.5(e) provides,

> [I]f the problem solving court judge or hearing officer finds that an individual participating in a problem solving court program has violated a condition of the program, the problem solving court judge or hearing officer may:

>> (1) continue the individual's participation in the problem solving court program with or without modifying or expanding the individual's conditions for participating in the problem solving court program; or

>> (2) terminate the individual's participation in the problem solving court program.

Indiana Code Section 33-23-16-14(b) provides,

> When an individual's participation in a problem solving court program under this section has been terminated as provided under section 14.5 of this chapter, the problem solving court shall:

>> (1) enter a judgment of conviction against the individual;

9

(2) refer the individual's case back to the court that referred the case to the problem solving court to allow the referring court to enter a judgment of conviction against the individual; or

(3) otherwise dispose of the case.

Here, the sentencing order provided that Withers's failure to complete the Problem Solving Court program would result in the stay being lifted and the sentence executed. The evidence showed that Withers missed therapy sessions that the Drug Court had determined were necessary for her mental health and long-term abstinence from drug use. The trial court listened to Withers's testimony and concluded that her attitude would prevent her from complying with the program that the Drug Court had designed for her. We are unpersuaded that the trial court abused its discretion in terminating Withers's participation in the Drug Court program. Pursuant to the plea agreement, upon termination of her participation, the trial court was required to lift the stay and reinstate her sentences. Therefore, we affirm.

Affirmed.

RILEY, J., and MATHIAS, J., concur.