## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 02 2016, 5:56 am

CLERK
of the supreme court,
court of appeals and
tax court

---

ATTORNEY FOR APPELLANT

Steven E. Ripstra
Ripstra Law Office
Jasper, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Karl M. Scharnberg
Deputy Attorney General
Indianapolis, Indiana

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Maxine Lauren Kemper, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | March 2, 2016 <br><br> Court of Appeals Case No. 82A01-1508-CR-1104 <br><br> Appeal from the Vanderburgh Superior Court <br><br> The Honorable Wayne S. Trockman, Judge <br><br> The Honorable Kristina Hamby Weiberg, Pro Tem <br><br> Trial Court Cause No. 82D02-1504-FD-1896 and 82D02-1504-FA-1897 |

**Altice, Judge.**

## Case Summary

[1] Maxine Lauren Kemper pled guilty to various felony counts and, pursuant to the plea agreement, entered the Vanderburgh County Day Reporting Drug Court (Drug Court). She subsequently violated the terms of her Drug Court commitment on more than one occasion. As a result, the trial court entered various sanctions against Kemper. On appeal, she argues that the sanctions imposed were too severe and thus constitute an abuse of discretion.

**Facts & Procedural History**

[2] On December 5, 2013, the State charged Kemper with class D felony theft and class D felony assisting a criminal. Thereafter, on May 5, 2014, the State charged her under a separate cause number with class A felony dealing in methamphetamine, class C felony possession of methamphetamine, class D felony possession of methamphetamine, class D felony possession of paraphernalia, class D felony possession of a controlled substance, and class A misdemeanor possession of marijuana.

[3] On April 2, 2015, Kemper pled guilty pursuant to a written plea agreement to theft, assisting a criminal, and possession of methamphetamine, all as class D felonies. The five remaining charges were dismissed. The agreement provided that the trial court would withhold judgment of conviction for eighteen months in order to provide Kemper the opportunity to complete Drug Court. If she successfully completed Drug Court, the three charges to which she pled guilty would be dismissed. On the other hand, if she failed Drug Court, the trial court would then enter judgment of conviction on the three D felony counts.

[4] Kemper tested positive for methamphetamine on May 11, 2015. A petition to revoke placement was taken under advisement but never filed because Kemper entered and successfully completed the detox and residential phase of Drug Court. She began the aftercare portion of the program on June 17, 2015.

[5] On June 26, 2015, Deputy John Helfrich conducted a home visit at Kemper's listed address. Two juvenile males – Kemper's brothers – answered the door and informed the deputy that Kemper no longer lived at the residence. They indicated that she was staying with her boyfriend. Thereafter, Deputy Helfrich spoke with Kemper on the phone. Kemper initially indicated that she was living at the listed address but eventually admitted that she had been staying with a girlfriend. Upon further questioning, Kemper acknowledged that a male with a criminal drug history was also staying there. Kemper said she had an appointment with her case manager – Andrea Hillgoth – that afternoon, and Deputy Helfrich told her to keep that appointment. He then informed Hillgoth of the situation. When she met with Hillgoth later that day, Kemper admitted that she had not been staying at her listed address for the last five days.

[6] Hillgoth filed a petition to revoke on June 30, 2015, as a result of Kemper's violation of the rules of Drug Court. Specifically, Kemper had failed to notify Hillgoth within twenty-four hours of her change in address. Following an evidentiary hearing on July 7, 2015, the trial court found that Kemper had violated the rules of Drug Court. As a sanction, the court ordered her to spend a night in jail and write a paper explaining the importance of transparency in

recovery. Kemper served her night in jail on July 10, 2015, and was released the following day.

[7] Three days later, Kemper tested positive for alcohol and was immediately taken into custody until her revocation hearing on July 21, 2015. At the hearing, Kemper admitted the violation and asked that she be released from jail and returned to Counseling for Change. In addition to time served and a directive to follow the recommendations of her case manager, the trial court ordered Kemper to adhere to a curfew[1] and report to Counseling for Change.

## Discussion & Decision

[8] Kemper challenges the sanctions imposed by the trial court on July 7 and 21, 2015. She asserts that the sanctions constitute an abuse of discretion because they were "too severe" in light of all the facts and circumstances. *Appellant's Brief* at 6. In this regard, she describes her first violation as "definitional and technical in nature" and her second violation as "a minor relapse". *Id*. at 6, 4.

[9] Drug Court is a forensic diversion program akin to community corrections and probation. *Withers v. State*, 15 N.E.3d 660, 665 (Ind. Ct. App. 2014). Accordingly, we review a trial court's sentencing decisions for Drug Court violations for an abuse of discretion. *Id*. We will find an abuse of discretion

---

[1] Kemper was directed to be at her listed address between 9:00 p.m. and 6:00 a.m.

only where the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[10] Upon finding that Kemper violated a condition of Drug Court, the trial court was permitted to:

> (1) continue the individual's participation in [Drug Court] with or without modifying or expanding the individual's conditions for participating in [Drug Court]; or
>
> (2) terminate the individual's participation in [Drug Court].

Ind. Code Ann. § 33-23-16-14.5(e). Despite repeated violations, the court decided to continue Kemper in Drug Court with certain modifications.

[11] After the first finding of a violation, the court adopted the sanction suggested by the case manager and ordered Kemper to serve one night in jail and write a paper regarding the importance of transparency in recovery. Kemper challenges this sanction as too severe for a violation that is definitional and technical in nature. We are not persuaded that the trial court abused its discretion in this regard. The evidence establishes that within days of completing the residential portion of the program and entering aftercare, Kemper began staying somewhere other than her listed residence, along with a man with a criminal drug history. She stayed there for five days before Deputy Helfrich discovered her absence from her listed address and alerted her case manager. In light of this clear violation, the trial court could have imposed a much greater sanction than it did. *Cf. Podlusky v. State*, 839 N.E.2d 198, 203

(Ind. Ct. App. 2005) (affirming the revocation of probation for defendant's "seemingly minor violation of moving back to her former residence, knowing that the probation office had the address, and not immediately notifying her probation officer of this change").

[12] Kemper's second violation came shortly on the heels of her first. Within three days after serving a night in jail for the first violation, she drank alcohol and failed a urinalysis. The rules of Drug Court expressly provide that there will be sanctions for positive urinalyses, including removal from the program. Rather than removing Kemper, the court ordered her to return to Counseling for Change – the sanction requested by Kemper – and imposed a curfew requiring her to be home every night from 9:00 p.m. to 6:00 a.m. Under the circumstances, this sanction was not an abuse of discretion. *Cf. Crump v. State*, 740 N.E.2d 564, 573 (Ind. Ct. App. 2000) (upholding revocation of probation where defendant violated probation by consuming alcohol), *trans. denied*.

[13] Judgment affirmed.

[14] Robb, J. and Barnes, J., concur.