## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 23 2016, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John C. Bohdan
Deputy Public Defender
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Percilla A. Aguilar, *Appellant-Defendant,* | June 23, 2016 |
| v. | Court of Appeals Case No. 02A05-1511-CR-1974 |
| | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Frances C. Gull, Judge |
| | Trial Court Cause No. 02D05-1405-FA-32 |

**Crone, Judge.**

# Case Summary

Percilla A. Aguilar appeals the trial court's decision to terminate her participation in Drug Court and the sentence imposed on her convictions for class A felony dealing in cocaine and class D felony maintaining a common nuisance. She argues that the trial court abused its discretion in terminating her participation in Drug Court. She also contends that her thirty-year aggregate sentence is inappropriate based on the nature of the offenses and her character. We conclude that the trial court gave Aguilar multiple opportunities to comply with Drug Court requirements and therefore did not abuse its discretion in terminating her participation in Drug Court. We also conclude that she has failed to carry her burden to show that her sentence is inappropriate. Therefore, we affirm.

# Facts and Procedural History

In 2013 and 2014, the Allen County Police Department received a series of anonymous tips that Aguilar was dealing in large amounts of cocaine. The anonymous callers informed the police that Aguilar and her brother would purchase cocaine in Chicago and transport it to Fort Wayne to be sold. In March 2014, police began surveillance of Aguilar's residence. Between March and May, police officers performed numerous searches of Aguilar's trash and found clear plastic bags that tested positive for cocaine and marijuana, and what appeared to be a drug ledger. Police also found baggies that appeared to have been washed clean, a practice drug dealers often use to destroy evidence. In addition, police found three large garbage bags that were torn and had

masking tape on them, which is consistent with the way drug dealers package large amounts of drugs and/or money.

[3] In May 2014, police obtained and executed a search warrant for Aguilar's residence. They found fourteen baggies of cocaine, weighing a total of 10.7 grams, packaged in a manner consistent with drug dealing. Aguilar admitted that the cocaine was hers but asserted that she was a user, not a dealer. Police also discovered electronic scales containing cocaine residue.

[4] The same month, the State charged Aguilar with class A felony dealing in cocaine and class D felony maintaining a common nuisance. In July 2014, Aguilar pled guilty to both charges pursuant to a Drug Court participation plea agreement. The State agreed that upon her successful completion of the Drug Court program, it would move to dismiss the charges against her. As part of the agreement, Aguilar agreed to comply with certain conditions, including a ban on possessing or ingesting alcohol and a requirement that she submit to random urinalysis. Also, Aguilar acknowledged that a violation of any or all terms of the agreement could result in termination from the program.

[5] In August 2014, Aguilar missed two scheduled urinalysis screens. As a result, the trial court required her to perform community service and write an essay on how to avoid missing screens. Later that month, one of Aguilar's urinalysis screens resulted in a diluted sample, suggesting that she was hiding substance abuse, and the trial court required her to write an essay on how to prevent diluted urine samples.

[6]     In September and November 2014, Aguilar missed two appointments with her Drug Court case manager. She was sanctioned with more community service. In December 2014, Aguilar provided another diluted sample and missed a scheduled urinalysis screen. She was sanctioned with two nights in jail.

[7]     In January 2015, Aguilar provided another diluted sample and missed another scheduled urinalysis screen. She was also fired from her job. At a hearing on January 26, 2015, the trial court told Aguilar that it was worried about her and reminded her that she was facing a minimum of twenty years in prison for the class A felony charge. The trial court stated that the diluted samples and missed screens indicated that there was something she was hiding. Accordingly, the trial court remanded her to jail until February 2, 2015. Upon her release, the trial court ordered her to meet more frequently with her case manager and warned her about the "high stakes" of failing out of the program. Tr. 53-54. Aguilar subsequently completed treatment at a local counseling facility.

[8]     In June 2015, Aguilar missed another drug screen and was sanctioned with community service. In July 2015, Aguilar was released from the transitional home to live on her own. However, she missed another drug screen and an appointment with her case manager and was sanctioned with community service work.

[9]     In early August 2015, Aguilar missed another appointment with her case manager and her urinalysis screen came back positive for alcohol. At a status

hearing on August 17, 2015, Aguilar admitted that she drank beer. The trial court informed Aguilar that she was almost to the point where she was past treatment. The court explained, "[T]here's really not a whole lot of resources we have left. … We're kind of running out of treatment and programs and help for you. And what happens then is that people can get bounced out of the program." *Id*. at 73. The trial court reminded Aguilar four times that if she failed the program, she would be sentenced to at least twenty years in prison. The trial court sanctioned her with a weekend in jail.

[10] On September 8, 2015, Aguilar's Drug Court case manager filed a petition to terminate her Drug Court participation, alleging that Aguilar had violated three conditions of her participation agreement by testing positive for alcohol on August 28, 2015, possessing alcohol in her home, and failing to inform her case manager that she had been laid off from work. A status hearing was held the same day, at which Aguilar admitted to the violations, and the trial court terminated her participation in Drug Court.

[11] In October 2015, the trial court held a sentencing hearing. The trial court found the following aggravating factors: Aguilar's criminal record, including two juvenile adjudications, a misdemeanor conviction, and three felony convictions; failed efforts at rehabilitation, including probation, parole, treatment, shorter jail sentences, criminal diversion services, and community corrections; and she was on parole when she committed the current offenses. The trial court also found the following mitigating factors: her guilty plea, genuine remorse, and efforts in the Drug Court program. The trial court sentenced her to a term of

thirty years, with ten years suspended and four years of probation, for class A felony dealing in cocaine and a concurrent term of two years for class D felony maintaining a common nuisance. This appeal ensued.

## Discussion and Decision

Aguilar argues that the trial court abused its discretion "in entering a judgment of conviction on a Class A Felony as a sanction for a Drug Court Program violation in light of the nature of the offenses and [her] character." Appellant's Br. at 1. Her presentation of the issue conflates two separate questions: whether the trial court abused its discretion in terminating her participation in Drug Court and whether the sentence imposed for her convictions is inappropriate. Accordingly, we address her argument within this framework.

## Section 1 - The trial court did not abuse its discretion in terminating Aguilar's participation in Drug Court.

Drug Court is a forensic diversion program akin to community corrections and probation, and we will review the termination of placement in a Drug Court program as we do a revocation of placement in community corrections or probation. *Withers v. State*, 15 N.E.3d 660, 663 (Ind. Ct. App. 2014). Placement in Drug Court, like placement in community corrections or probation, is an alternative to commitment to the Department of Correction and is made at the sole discretion of the trial court. *Id*. at 663-64. Accordingly, we will reverse a trial court's decision to terminate an individual's participation in Drug Court for an abuse of discretion. *Id*. at 665. We will find an abuse of

discretion only where the decision is clearly against the logic and effect of the facts and circumstances. *Id*.

[13]  A trial court may terminate an individual's participation in Drug Court based on the violation of at least one of the conditions of the participation agreement. Ind. Code § 33-23-16-14.5.  Once an individual's participation in Drug Court is terminated, the trial court is required to enter judgment of conviction or otherwise dispose of the case.  Ind. Code § 33-23-16-14(b).  Aguilar violated the conditions of her Drug Court participation agreement numerous times by missing appointments with her case manager, missing scheduled urine screens, and providing dilute urine samples.  The trial court sanctioned her with writing requirements, community service, and jail time.  The trial court gave Aguilar numerous opportunities to reform her behavior and reminded her of the harsh consequences of her failure to successfully complete the program.  Nevertheless, Aguilar again violated the conditions of her participation agreement by testing positive for alcohol and possessing alcohol in her home.  Under these circumstances, we cannot say that the trial court abused its discretion in terminating her participation in Drug Court.  *See Crump v. State*, 740 N.E.2d 564, 573 (Ind. Ct. App. 2000) (upholding revocation of probation where defendant violated probation by consuming alcohol), *trans. denied* (2001).

## Section 2 – Aguilar has failed to carry her burden to show that her sentence is inappropriate.

[14]  Pursuant to Indiana Appellate Rule 7(B), "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the

Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." When reviewing a sentence, our principal role is to leaven the outliers rather than necessarily achieve what is perceived as the correct result. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "We do not look to determine if the sentence was appropriate; instead we look to make sure the sentence was not inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). Aguilar has the burden to show that her sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[15] Turning first to the nature of the offense, we observe that "the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The sentencing range for a class A felony is twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. Here, the trial court gave Aguilar the advisory sentence, but moderated it by suspending ten years with four years on probation. *See Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010) ("Upon the review of sentence appropriateness under Appellate Rule 7, appellate courts may consider all aspects of the penal consequences imposed by the trial judge in sentencing the defendant."). The police discovered 10.7 grams of cocaine in Aguilar's residence, which was far more than the three grams of cocaine necessary to sustain her dealing conviction. Also, numerous discarded baggies with cocaine residue on them were found in her trash on six different days.

When Aguilar was finally arrested for her cocaine dealing, she denied she was a dealer.

[16] As for Aguilar's character, she has not led a law-abiding life and has had previous trouble with drugs. In 2003, she was convicted of class B felony dealing in cocaine and class C felony dealing in marijuana. In 2009, she was convicted of misdemeanor public intoxication. In 2010, she was convicted of class C felony possession of cocaine. She was also adjudicated a juvenile delinquent for committing what would be class C felony forgery if committed by an adult. Previous attempts to rehabilitate her have failed. When she committed the current offenses involving dealing in cocaine, she was still on parole for her conviction of class C felony possession of cocaine. We recognize that Aguilar has demonstrated positive attributes such as taking responsibility for her actions, showing remorse, and completing some of the steps in Drug Court. Overall, however, she fails to persuade us that an advisory sentence with ten years suspended, bringing her executed term down to the minimum, is inappropriate. Accordingly, we affirm Aguilar's sentence.

[17] Affirmed.

Najam, J., and Robb, J., concur.