## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 06 2018, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William Byer, Jr.
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin L. Henson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

June 6, 2018

Court of Appeals Case No.
18A-CR-189

Appeal from the Madison Circuit Court

The Honorable Angela Warner Sims, Judge

Trial Court Cause Nos.
48C01-1211-FD-2167
48C01-1605-F6-1063
48C01-1707-F6-1686

**Najam, Judge.**

# Statement of the Case

Kevin L. Henson appeals the trial court's revocation of his placement with a problem-solving court. Henson raises a single issue for our review, namely, whether the State presented sufficient evidence to support the revocation of his placement. We affirm.

# Facts and Procedural History

On September 13, 2017, the trial court placed Henson with a problem-solving court after he had pleaded guilty in three separate causes of action. On November 1, while a participant with the problem-solving court, Henson admitted to Katie Stapleton, his case manager, that he had continued to have relationships and communication with known felons, contrary to the rules of the problem-solving court. He further admitted to dealing in controlled substances.

The State filed a notice of termination request in all three cause numbers, and the trial court held a consolidated evidentiary hearing on the State's notice. At that hearing, Henson admitted that he had violated the problem-solving court's rule with respect to having continued relationships and communications with known felons. However, he denied dealing in controlled substances. On that allegation, Stapleton testified that she had seen text messages on Henson's phone that suggested he had been dealing in controlled substances, and when she confronted him about those messages he admitted that "he had dealt on at least one occasion to pay his work release rent so he could get out of work

release . . . ." Tr. Vol. I at 14. Stapleton further testified that Henson had admitted at least one time in court to dealing, and that she had recorded that hearing.

[4] Following the evidentiary hearing, the court took the matter under advisement to review the recordings of the problem-solving court. Thereafter, in light of those recordings and the testimony from the evidentiary hearing, the court found that Henson had violated the terms and conditions of the problem-solving court, and it terminated him from that placement accordingly. The court then ordered Henson to serve the balance of his term in the Department of Correction. This appeal ensued.

## Discussion and Decision

[5] Henson appeals the trial court's revocation of his placement with the problem-solving court. Placement in forensic diversion programs such as our problem-solving courts are akin to placements in community corrections and probation. *Withers v. State*, 15 N.E.3d 660, 665 (Ind. Ct. App. 2014). Placement in such programs is "a matter of grace and a conditional liberty that is a favor, not a right." *State v. Vanderkolk*, 32 N.E.3d 775, 777 (Ind. 2015) (quoting *Cox v. State*, 706 N.E.2d 547, 549 (Ind. 1999)). It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated. *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013). In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion. *Id.* An abuse of discretion occurs where the decision is clearly

against the logic and effect of the facts and circumstances, or when the trial court misinterprets the law. *Id.*

[6] Henson argues on appeal that his admission to violating the problem-solving court's rule against communication with known felons "did not warrant revocation" by itself. Appellant's Br. at 18. He further argues that his own testimony during the evidentiary hearing should be given controlling weight, as he testified that his text messages were about other matters and were misconstrued. And he asserts that this Court should not credit Stapleton's testimony.

[7] We reject Henson's arguments. Henson's admission alone is sufficient to affirm the trial court's judgment to revoke his placement. *E.g.*, *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). And Stapleton's testimony, which we will not reweigh on appeal, further supports the trial court's judgment. Again, Stapleton testified that she found suspicious text messages on Henson's phone and that, when she confronted him about those texts, he admitted to dealing in order to pay his work release rent. Henson's argument that we ignore that testimony or otherwise discount it in favor of his own testimony is simply a request for this court to reweigh the evidence, which we cannot do. We affirm the trial court's revocation of Henson's placement with the problem-solving court.

[8] Affirmed.

Robb, J., and Altice, J., concur.