## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 29 2019, 8:14 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brooke Meeks,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 29, 2019<br><br>Court of Appeals Case No.<br>18A-CR-1863<br><br>Appeal from the Howard Superior Court<br><br>The Honorable William C. Menges, Jr., Judge<br><br>Trial Court Cause No.<br>34D01-1707-F4-812<br>34D01-1712-F6-1395 |

**Pyle, Judge.**

# Statement of the Case

Brooke Meeks ("Meeks") appeals her termination from the Howard County Drug Court Program. Meeks claims the trial court denied her due process during her drug court termination hearing. Concluding that there was no due process violation, we affirm Meeks' termination from the Drug Court Program.

We affirm.

# Issue

> Whether Meeks was deprived of due process during her drug court termination hearing.

# Facts

In July 2017, the State charged Meeks with Level 4 felony dealing in methamphetamine and Level 5 felony conspiracy to commit dealing in methamphetamine in cause number 34D01-1707-F4-00812 ("F4-812"). In December 2017, in cause number 34D01-1712-F6-01395 ("F6-1395"), the State charged Meeks with Level 6 felony possession of methamphetamine, Level 6 felony possession of a narcotic drug, Level 6 felony unlawful possession of a syringe, and Level 6 felony unlawful possession or use of a legend drug.

In April 2018, Meeks pled guilty to Level 5 felony conspiracy to commit dealing in methamphetamine under F4-821 and Level 6 felony possession of methamphetamine under F6-1395. Under the terms of the plea agreement, the State agreed to dismiss the remaining charges, and Meeks' sentence would be

deferred so long as she participated in the Howard County Drug Court Program.[1]  If Meeks failed to successfully complete drug court, the matter would be set for sentencing, with the sentence length left to the trial court's discretion.  The trial court accepted the plea agreement and referred Meeks to Drug Court.

[5]     The following month, in May 2018, Laura Rood ("Rood"), a Drug Court case manager, filed a "Notice of Termination" from the Drug Court Program. (App. Vol. 2 at 31).  This notice alleged that Meeks had failed to follow the rules of the Drug Court Program.  Thereafter, the trial court held a drug court termination hearing.  The only witness called by the State was Rood.  She testified that Meeks had previously been sanctioned for missing a drug screen and for having contact with an individual she was explicitly ordered not to contact.  Rood then testified that the notice of termination was filed because Meeks was "going to [the drug testing facility] instead of calling, when she should have been calling."  (Tr. 26).

[6]     Meeks also testified at the termination hearing and admitted that she had violated program rules.  On direct examination, the following exchanges took place:

    [Defense Counsel]:  Did you miss a drug screen?

---

[1] "'[D]rug court' means a problem solving court focused on addressing the substance abuse issues of defendants or juveniles in the criminal justice system[.]"  IND. CODE § 33-23-16-5.

[Meeks]:  Yes, sir.

\* \* \*

[Defense Counsel]:  Ok.  And did you have contact with somebody that you were not supposed to?

[Meeks]:  Yes, sir, I did.

\* \* \*

[Defense Counsel]:  Ok, so you went [to the drug testing facility] rather than call in because you didn't have your card to call in?

[Meeks]:  Yes, sir.

(Tr. 33, 36).  At the conclusion of the hearing, the trial court terminated Meeks' participation in the Drug Court Program.  The trial court then held a sentencing hearing and sentenced Meeks to consecutive terms of six (6) years under F4-812 and two and a half (2½) years under F6-1395.  Meeks now appeals.  Our discussion of the issue includes additional facts.

# Decision

At the outset, we note that our Appellate Rules provide that each contention made in the argument section of an appellant's brief "must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."  Ind. Appellate Rule 46(A)(8)(a).  This means that an appellant's argument section "must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on."  *Id.*  Meeks, however, has failed to satisfy Indiana Appellate Rule 46's requirement of providing a cogent argument supported by citation to authority.  This failure

hinders our review and results in waiver of appellate review of this issue. *See Foutch v. State*, 53 N.E.3d 577, 581 n.1 (Ind. Ct. App. 2016) (waiving a defendant's argument where he failed to provide a cogent argument).[2]

[8] Waiver notwithstanding, Meeks' due process rights were not violated when she was terminated from the Drug Court program. The drug court program is a forensic diversion program akin to community corrections, and we will review the termination of placement in a drug court program as we do a revocation of placement in community corrections. *Withers v. State*, 15 N.E.3d 660, 663 (Ind. Ct. App. 2014). Our Court has stated that:

> For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. The similarities between the two dictate this approach. Both probation and community corrections programs serve as alternatives to commitment to the [Department of Correction] and both are made at the sole discretion of the trial court. A defendant is not entitled to serve a sentence in either probation or a community correction program. Rather, placement in either is a matter of grace and a conditional liberty that is a favor, not a right.
>
> While a community correction placement revocation hearing has certain due process requirements, it is not to be equated with an adversarial criminal proceeding. Rather, it is a narrow inquiry, and its procedures are to be more flexible. This is necessary to permit the court to exercise its inherent power to enforce obedience to its lawful orders.

---

[2] Meeks' counsel also cited to a memorandum decision of this Court, in contravention of Indiana Appellate Rule 65(D). We remind counsel that memorandum decisions "shall not be cited to any court except by parties to the case to establish res judicate, collateral estoppel, or law of the case." App. R. 65(D).

*Id*. at 663-64. (quoting *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009)).

[9]     INDIANA CODE § 33-23-16-14.5 governs termination of an individual's participation in a problem solving court program.[3] The statute provides:

> (c) The problem solving court judge or other hearing officer shall conduct a hearing concerning an alleged violation of a condition of a problem solving court program as follows:
>
> * * *
>
> (3) The individual who is alleged to have committed the violation is entitled to:
>
> (A) receive written notice of the alleged violation;
>
> (B) obtain the disclosure of evidence against the individual;
>
> (C) confront and cross-examine witnesses; and
>
> (D) be represented by counsel.

I.C. § 33-23-16-14.5.

[10]    First, Meeks argues that her due process rights were violated because she "knew neither the 'claimed violations' nor the 'evidence against' her," which caused her to "hit the fact-finding hearing blind." (Meeks' Br. 10). However, we note that she does not dispute that she failed to follow program rules nor does she contend that the violation of program rules is insufficient to justify her termination. Rather, she appears to argue that her notice of termination from

---

[3] "'[P]roblem solving court' means a court providing a process for immediate and highly structured judicial intervention for eligible individuals[.]" I.C. § 33-23-16-8.

the Drug Court Program was inadequate. We disagree. The notice provided as follows:

> Notice is hereby given that the Howard County Drug Court Program intends to terminate Brooke Meeks participation in the program for her failure to follow the rules of the Drug Court Program.

(App. Vol. 2 at 31). This notice was sufficient to apprise Meeks of the claimed violation, i.e., that she had failed to follow the rules of the Drug Court Program. We acknowledge that the notice did not specify the exact rules she failed to follow. However, it is reasonable to infer that Meeks knew and understood what rules she failed to follow because she admitted to violating program rules during the hearing. Additionally, Meeks signed a "Drug Court Program Participation Agreement[,]" which listed the rules for successful participation in the Drug Court Program. (App. Vol. 2 at 26). One of the special conditions of Meeks' participation agreement was that she had to abide by all of the rules, regulations, or special conditions ordered by Drug Court. We conclude that Meeks received adequate notice of the allegations against her.

[11] Next, Meeks' contention that she was unaware of the "evidence against her" is unsupported by the record. (Meeks' Br. 10). Meeks' counsel had the following exchange with Rood on cross-examination:

> [Defense Counsel]: So just so I can lay out the timeline, I don't want to just keep rehashing everything, in the first week that she was out of jail, she missed a drug screen on a Saturday and she had contact with her ex-boyfriend. She was then sanctioned to do a night in jail and live in a sober living environment, is that correct?

[Rood]:  Yes.

[Defense Counsel]:  Then over the next 21 days it would seem, she remained in compliance with her sober living environment, remained in compliance with her treatment, but walked to one of her drug screens rather than calling?

[Rood]:  Yes.

[Defense Counsel]:  And that has led to . . . the program seeking her termination from the Drug Court Program?

[Rood]:  That and the treatment provider said she was done working with her.

(Tr. 27-28).  Taken together, Meeks' cross-examination of Rood and her own admission to several violations exhibits a familiarity with the evidence underlying the allegation in the notice of termination.

[12]  Based on the foregoing, we are unpersuaded that the trial court violated Meeks' due process rights.  Accordingly, we affirm the trial court's decision to terminate Meeks from the Drug Court Program.

[13]  Affirmed.

Najam, J., and Altice, J., concur.