## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 13 2020, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Thoma
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

John A. Trigg,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 13, 2020

Court of Appeals Case No.
20A-CR-1078

Appeal from the Allen Superior
Court

The Honorable Frances C. Gull,
Judge

Trial Court Cause No.
02D05-1911-F4-107

**Bailey, Judge.**

# Case Summary

[1] John A. Trigg ("Trigg") appeals the revocation of his placement in the Allen County Drug Court Diversion Program ("the Program"). He presents the sole issue of whether the trial court abused its discretion by revoking his placement. We affirm.

# Facts and Procedural History

[2] On November 8, 2019, the State of Indiana charged Trigg with the following offenses: Possession of Methamphetamine, as a Level 4 felony,[1] Possession of Cocaine, as a Level 5 felony,[2] Possession of a Narcotic Drug, as a Level 5 felony,[3] Driving With a Suspended License, as a Class A misdemeanor,[4] and Possession of Marijuana, as a Class B misdemeanor.[5] On December 2, 2019, Trigg pled guilty to all the charges. The trial court took the guilty plea under advisement[6] and ordered that Trigg be placed in the Program.

---

[1] Ind. Code § 35-48-4-6.1(a).

[2] I.C. § 35-48-4-6(a).

[3] I.C. § 35-48-4-6(a).

[4] I.C. § 9-24-19-2.

[5] I.C. § 35-48-4-11(a)(1).

[6] Indiana Code Section 23-33-16-14(a) provides that a court, without entering a judgment of conviction, may defer proceedings against an individual and place the individual in a problem-solving court program if the individual meets conditions for eligibility, pleads guilty and consents to the referral, and the judge, prosecuting attorney, and the individual agree on conditions for participation and the duration of those conditions.

[3]     On December 10, 2019, Trigg was released from an Allen County detention facility. On the following day, a bench warrant was issued for Trigg's arrest because he had reportedly absconded from his alternative placement. The trial court conducted a compliance hearing on December 16, 2019. Trigg was not sanctioned and was permitted to continue in his placement. On March 5, 2020, the trial court issued a second bench warrant upon allegations that Trigg had again absconded. On March 9, 2020, a third bench warrant was issued upon Trigg's failure to appear at a scheduled court hearing.

[4]     On March 23, 2020, the State filed a petition to terminate Trigg's participation in the Program. The State alleged that Trigg had not completed residential programming, had failed to report to his case manager, had failed to appear in court as ordered, was noncompliant with random drug screens, and had failed to maintain good behavior. On March 24, 2020, Trigg appeared in court and admitted to the allegations. The trial court terminated Trigg's participation in the Program and entered judgments of conviction.

[5]     On April 23, 2020, Trigg was given concurrent sentences of ten years for Possession of Methamphetamine, five years for Possession of Cocaine, five years for Possession of a Narcotic Drug, one year for Driving with a Suspended

License, and 180 days for Possession of Marijuana.[7] Trigg now appeals the revocation decision.

# Discussion and Decision

[6] Indiana Code Section 33-23-16-5 defines a drug court as "a problem-solving court focused on addressing the substance abuse issues of defendants or juveniles in the criminal justice system by: (1) bringing together substance abuse rehabilitation professionals, local social programs, and intensive judicial monitoring; and (2) linking eligible defendants or juveniles to individually tailored programs or services." Pursuant to Indiana Code Section 33-23-16-14.5, a problem-solving court may terminate an individual's participation in the program if the individual has violated at least one of the conditions of the individual's participation agreement or case management plan. If, after conducting a hearing, the problem-solving court judge or hearing officer finds that an individual participating in a problem-solving court program has violated a condition of the program, the judge or hearing officer may continue the individual's participation in the problem-solving court program with or without modifying or expanding the individual's conditions for participating in the

---

[7] Trigg's highest offense was a Level 4 felony. Indiana Code Section 35-50-2-5.5 provides that a person convicted of a Level 4 felony is subject to a sentence of between two years and twelve years, with six years as the advisory sentence. Trigg does not challenge his aggregate ten-year sentence.

problem-solving court program; or terminate the individual's participation in the program. *See id.*

[7] A drug court program is akin to a community corrections program and, like probation, serves as an alternative to commitment to the Indiana Department of Correction. *Withers v. State*, 15 N.E.3d 660, 664 (Ind. Ct. App. 2014). A defendant is not entitled to serve a sentence in either probation or a community corrections program. *Id.* Placement is a matter of grace and a conditional liberty that is a favor as opposed to a right. *Id.* We review the trial court's decisions for drug court program violations only for an abuse of discretion. *Id.* at 665 (citing *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). "'An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances.'" *Id.*

[8] Trigg's participation in the Program was remarkably unsuccessful. Between December 11, 2019 and March 9, 2020, three bench warrants were issued for Trigg's arrest. By his own admission, Trigg failed to successfully complete his residency, comply with random drug screens, appear in court as ordered, report to his case manager, and maintain good behavior. His admission alone is sufficient to affirm the trial court's judgment to revoke his placement. *E.g., Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015).

[9] Trigg contends that he suffers from autism, anxiety, and substance abuse disorders and needs more intensive therapy than that offered by the Program. He details his juvenile and criminal history (eight delinquency adjudications,

nine felonies, and ten misdemeanors) and failed responses to rehabilitative efforts (three probation revocations, one suspended sentence revocation, two failed sentence modifications, one revocation of home detention placement, and an unsuccessful discharge from a HOPE program). With that background, he argues that his failure in the Program was a "foregone conclusion" and he was "fast-tracked" through a process that involved his forfeiture of the right to negotiate for a favorable plea agreement. Appellant's Brief at 18. Trigg claims that the trial court's response was overly harsh for what he characterizes as a first offense. But Trigg's attempt to shift responsibility for his rehabilitative success to the trial court is unavailing. Given the facts and circumstances before the court – that is – Trigg's woeful lack of cooperation, the trial court did not abuse its discretion in revoking Trigg's placement.

# Conclusion

[10] Trigg has failed to demonstrate an abuse of the trial court's discretion.

[11] Affirmed.

Vaidik, J., and Weissmann, J., concur.