## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 13 2020, 8:45 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John L. Pratchard,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | November 13, 2020<br><br>Court of Appeals Case No.<br>20A-CR-1174<br><br>Appeal from the Dearborn<br>Superior Court<br><br>The Honorable Jonathan N.<br>Cleary, Judge<br><br>Trial Court Cause No.<br>15D01-1808-F6-299 |

**Tavitas, Judge.**

# Case Summary

[1] John Pratchard appeals the revocation of his probation and termination from Southeastern Indiana Veterans Treatment Court ("Veterans Court"). We affirm.

# Issue

[2] Pratchard raises a single issue, whether the trial court abused its discretion when it revoked his probation and ordered a portion of Pratchard's previously-suspended sentence to be served.

# Facts[1]

[3] On August 1, 2018, Officer Morgan Hedrick with the Lawrenceburg Police Department was dispatched to State Road 48 near Ludlow Hill Park in response to a complaint about an unconscious driver in a vehicle. The unconscious driver was Pratchard, who was slumped over the steering wheel and appeared to have run off the road. Pratchard "smelled strongly of an alcoholic beverage," and slurred his speech upon being awoken by Officer

---

[1] We refer Appellant's counsel to the Indiana Rules of Appellate Procedure: Rule 50(C). Our rule requires that "[a] table of contents shall be prepared for every Appendix." Ind. App. R. 50(C). Necessarily, [t]he table of contents shall *specifically* identify each item contained in the Appendix, including the item's date." *Id.* (emphasis added). It is not sufficient to simply list items with nondescript labels such as "Order" or "Motion" without including additional specifics.

Hedrick. Appellant's App. p. 20. A records check revealed that Pratchard, who claimed to be on his way to work, was an habitual traffic violator.

[4] The State charged Pratchard with Count I, operating a vehicle after being an habitual traffic offender, a Level 6 felony; Count II, operating a vehicle while intoxicated and endangering a person, a Class A misdemeanor; Count III, operating a vehicle while intoxicated and having a prior conviction, a Level 6 felony; and Count V, operating a vehicle while intoxicated and endangering a person, a Class A misdemeanor. The State also alleged that Pratchard was an habitual vehicular substance offender (Count IV).

[5] Pratchard entered into a plea agreement whereby he pleaded guilty to Count I, Count II, and Count IV, with the remaining Counts dismissed. The trial court accepted the plea agreement on February 19, 2019, and sentenced Pratchard to an aggregate term of seven years, all suspended to formal probation. Additionally, Pratchard agreed to participate in Veterans Court. The State agreed that—if Pratchard successfully graduated from the Veterans Court program and completed an additional one year of probation—the State would not thereafter object to a motion for sentence modification for time served, without any additional probation.

[6] While participating in the Veterans Court program, Pratchard committed the following violations:

1. Failure to attend a case management meeting on April 1, 2019, a violation of paragraph 2 of the Veterans Court Participant Agreement.

2.  Failure to attend a group treatment session on April 25, 2019, a violation of paragraph 2 of the Veterans Court Participant Agreement.

3.  Operating a motor vehicle without a license on August 19, 2019, a violation of paragraph 3 of the Veterans Court Participant Agreement.

4.  Failure to attend three required self-help meetings during the week of October 14, 2019, a violation of paragraph 2 of the Veterans Court Participant Agreement.

5.  Submitting a diluted urine sample on February 7, 2020, a violation of paragraphs 6 and 7 of the Veterans Court Participant Agreement.

6.  Testing positive for amphetamine and methamphetamine on April 21, 2020, a violation of paragraph 4 of the Veterans Court Participant Agreement.

[7]  After Pratchard's sixth violation, Pratchard's probation officer and case manager requested a Veterans Court termination hearing. On April 28, 2020, the State requested a probation violation hearing, and a bench warrant was issued for Pratchard's arrest. After a hearing, the trial court found that Pratchard violated the terms of probation repeatedly and terminated Pratchard's participation in Veterans Court. The trial court revoked 730 days of Pratchard's previously-suspended seven-year sentence, with 550 days to be executed at the Dearborn County Jail, and the remaining 180 days to be served in community corrections on home detention. Pratchard now appeals.

## Analysis

[8]     Pratchard argues that the trial court abused its discretion when it terminated his participation with the Veterans Court, partially revoked Pratchard's probation, and ordered 730 days of Pratchard's previously-suspended sentence to be executed. "For purposes of appellate review, we treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation." *Flowers v. State*, 101 N.E.3d 242, 247 (Ind. Ct. App. 2018) (quoting *Withers v. State*, 15 N.E.3d 660, 663-64 (Ind. Ct. App. 2014)). "'Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled.'" *Heaton v. State*, 984 N.E.2d 614, 616 (Ind. 2013) (quoting *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007)). "It is within the discretion of the trial court to determine probation conditions and to revoke probation if the conditions are violated." *Id*. "In appeals from trial court probation violation determinations and sanctions, we review for abuse of discretion." *Id*. "An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances," *id*., "or when the trial court misinterprets the law." *Id*. (citing *State v. Cozart*, 897 N.E.2d 478, 483 (Ind. 2008)). "We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses." *Holmes v. State*, 923 N.E.2d 479, 483 (Ind. Ct. App. 2010) (quoting *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009)).

[9] "Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred." *Heaton*, 984 N.E.2d at 616 (citing *Woods v. State*, 892 N.E.2d 637, 640 (Ind. 2008)). "Second, if a violation is found, then the trial court must determine the appropriate sanctions for the violation." *Id*. If the trial court "finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may: . . . order execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(h)(3).

[10] Pratchard argues that he is employed; has not been disiciplined at work; has largely complied with the terms of his probation and the sanctions imposed for the various violations; has not been arrested for or charged with any crimes during the probationary period; and that most of his violations have innocuous explanations.

[11] As the State correctly points out, Pratchard was participating in the Veterans Court as a condition of probation in the instant case. Pratchard's multiple violations of probationary terms, violations of the law by continuing to drive when prohibited from doing so, and continued engagement in substance abuse warrant the trial court's termination of Pratchard's participation in the Veterans Court. Having exercised its discretion in finding such a violation of the terms of probation, the trial court did not abuse its discretion by revoking a portion of Pratchard's previously-suspended sentence. Accordingly, we affirm.

# Conclusion

The trial court did not abuse its discretion in revoking Pratchard's probation and ordering Pratchard to serve a portion of his previously-suspended sentence. We Affirm.

Affirmed.

Kirsch, J., and Pyle, J., concur.